52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John EMMOTT, Plaintiff-Appellant,
v.
CONSOLIDATED FREIGHTWAYS, INC., Defendant-Appellee.
 No. 94-3437.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1995.
 
 BEFORE: MARTIN, RYAN and GIBSON, Circuit Judges.*
 PER CURIAM.
 
 
 1
 In an ERISA action challenging the termination of benefits under an "extended sick pay" plan, John Emmott appeals the district court's grant of summary judgment to Consolidated Freightways. For the following reasons, we AFFIRM that decision.
 
 
 2
 Under Consolidated Freightways' Extended Sick Pay Plan, eligible employees who become disabled receive a monthly benefit equal to two-thirds of their salary so long as they remain disabled. For purposes of receiving these benefits, the Plan defines disability:
 
 
 3
 When, as a result of sickness or injury, a Covered Employee becomes wholly and continuously disabled, and is under the regular care of a legally qualified physician, and is prevented by reason of said sickness or injury from engaging in any occupation, employment, or job for wage or profit for which he is reasonably qualified by training, experience or education, said Employee shall be deemed to be totally disabled for purposes of this Plan and shall be entitled to benefits hereunder as provided in this Article II, regardless of whether said Employee is confined at home or in a hospital.
 
 
 4
 First Amended Extended Sick Pay Plan Sec. II.B. The Plan is administered by the Pension and Employee Benefits Committee. The Committee and the Administrative Benefit Office are given broad discretion to administer the Plan. "All questions of interpretation or construction of this Plan shall be resolved solely and conclusively by the Committee, or its appointed delegate, and its decision shall be final and binding." Plan Sec. VIII.D.
 
 
 5
 Since 1985, John Emmott was employed as a Terminal Manager by Consolidated and was thus covered by the Plan. In 1987, Emmott, then 41 years old, began to suffer debilitating flu-like illnesses--severe fatigue, headaches, fever and muscle pain. These were diagnosed as "chronic fatigue syndrome." In April 1989, although working full-time to that point, Emmott reported that he was totally disabled and no longer able to work. He applied for and was placed on extended sick pay. Along with his application, Emmott submitted the statement of his physician, Doctor Kunin, who believed Emmott had been totally disabled for approximately sixteen months before applying for sick pay. Emmott was paid disability benefits from June 28, 1989, to September 7, 1990.
 
 
 6
 Under the Plan, employees receiving benefits must periodically submit evidence of continuing disability. Thus, in November 1989, Kunin certified that Emmott was disabled from his regular occupation as well as being "totally disabled from any occupation." Around the same time, Emmott was making frequent motorcycle trips throughout the country. Nonetheless, Dr. Kunin again stated that Emmott remained totally disabled in April 1990, but "could return to any occupation" in three to six months. On September 7, 1990, Kunin advised the Administrative Benefit Office that Emmott was no longer "totally disabled from any occupation." Indeed, he stated that Emmott could perform "light work" and that he needed to get back to work even on a part-time basis. His attached notes supported this position.
 
 
 7
 Kunin's last report convinced the Plan Administrator that Emmott was neither "wholly and continuously disabled" nor "confined at home or in a hospital." Consequently, on September 26, 1990, Emmott's disability benefits expired. However, this decision terminated only his disability benefits, not his employment. On October 22, 1990, Emmott filed a formal appeal objecting to the termination of his benefits. Emmott was advised to contact his boss about returning to work, but refused to accept a proposed part-time clerical position. His reason was that it required him to work four to five hours a day, five days a week. Yet, he refused to try it for even one day. Eventually, after waiting several weeks for Emmott to return to work, Consolidated deemed Emmott to have voluntarily resigned on December 7, 1990.
 
 
 8
 As part of his appeal, Emmott submitted records from both Kunin and his personal physician, Dr. Hessler. Kunin's letter specifically addressed Emmott's inability to do the part-time clerical job proposed. However, Kunin did not retract his September report that Emmott was no longer "totally" disabled. During the appeal, Consolidated retained Dr. Baird to conduct an independent medical examination of Emmott. On March 14, 1991, Baird reported that Emmott's "symptoms of profound fatigue are entirely subjective" and "his feeling that he cannot return to work cannot be attributed to any physical disease." Baird concluded that Emmott was not "totally disabled." The Committee considered all of this evidence and was unanimous in its decision to deny Emmott's appeal.
 
 
 9
 On March 26, 1991, Emmott filed suit in state court based on the Plan and state claims of wrongful termination. The case was removed to federal district court on May 6; an amended complaint was filed on May 18, 1992. In March and April 1993, both sides filed cross-motions for summary judgment. Additionally, Consolidated moved to strike several exhibits attached to Emmott's motion. On March 16, 1994, the district court struck some of the exhibits as duplicative of others filed, granted Consolidated's motion for summary judgment, and denied Emmott's cross-motion for summary judgment. In granting summary judgment for Consolidated, the court believed that Emmott was not wholly and continuously disabled as defined in the Plan. On April 15, Emmott appealed the district court's decision.
 
 
 10
 We review a grant of summary judgment de novo. Moore v. Holbrook, 2 F.3d 697, 698 (6th Cir.1993). Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). All evidence is viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 11
 The standard of review for a denial of benefits under ERISA is de novo. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). However, when the plan gives its administrator " 'discretionary authority to determine eligibility for benefits or to construe the terms of the plan,' " then the arbitrary or capricious standard of review applies. Bartling v. Fruehauf Corp., 29 F.3d 1062, 1071 (6th Cir.1994) (quoting Firestone, 489 U.S. at 115); Davis v. Kentucky Fin. Cos. Retirement Plan, 887 F.2d 689, 693 (6th Cir.1989). This rule is well-established in this Circuit. See Leahy v. Trans Jones, Inc., 996 F.2d 136, 139-40 (6th Cir.1993); Meade v. Pension Appeals and Review Comm., 966 F.2d 190, 195-96 (6th Cir.1992); Wells v. U.S. Steel & Carnegie Pension Fund, Inc., 950 F.2d 1244, 1247-48 (6th Cir.1991); Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 983 (6th Cir.1991).
 
 
 12
 The district court reviewed the Committee's decision denying Emmott's appeal under both the arbitrary or capricious and de novo standards of review. The Plan's terms limit coverage to only those individuals who are totally disabled. To be totally disabled, an employee must be (1) "wholly and continuously disabled," (2) "under the regular care of a legally qualified physician," and (3) "prevented ... from engaging in any occupation, employment, or job for wage or profit." The court concluded that the Committee's decision was neither arbitrary nor capricious and on a de novo review of the record that Emmott was not wholly and continuously disabled. In conducting our own de novo review of the record, we agree with that decision. There are three parts to the Plan's definition of disability; the only one which Emmott meets is being under the regular care of a physician. Kunin and Baird both stated that Emmott was no longer totally disabled. Further, Emmott was not prevented from engaging in any occupation; Kunin repeatedly noted that Emmott not only could, but should do some light duty work. Thus, given the evidence in the record, even under de novo review, the Plan Administrator's decision to terminate benefits was appropriate.
 
 
 13
 Accordingly, for the foregoing reasons, we AFFIRM the decision of the district court granting summary judgment in favor of Consolidated Freightways, Inc.
 
 
 
 *
 The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation